IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ANTHONY HALL,                    No. CIV S-05-2581-DFL-CMK-P

    Petitioner,

  vs.                                  FINDINGS AND RECOMMENDATIONS

HOANG, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's [amended] petition for a writ of habeas corpus (Doc. 1), filed on December 20, 2005.

    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Specifically, petitioner's claims under the Fourth Amendment are not cognizable.

///

///

    In Stone v. Powell, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in

1

an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). Thus, a Fourth Amendment claim can only be litigated on federal habeas where petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. Gordan v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). The issue before this court is whether petitioner had a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether petitioner actually litigated those claims, nor whether the state courts correctly disposed of the Fourth Amendment issues tendered to them. See id.; see also Siripongs v. Calderon, 35 F.3d 1308 (9th Cir. 1994).

Here, petitioner states in the petition that he raised the same Fourth Amendment claims now presented to this court to the state court in the context of a direct appeal from his conviction. Thus, petitioner had a full and fair opportunity to litigate his claims and they cannot be re-litigated in this case. Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2006.

                                                                             **CRAIG M. KELLISON**
                                                                             UNITED STATES MAGISTRATE JUDGE